**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**ALVARO JOSE HERNANDEZ JARUFFE,**

     **PETITIONER,**

**vs.**                                             **Case No. 4:07cv248-RH/WCS**

**MICHAEL CHERTOFF, et al.,**

     **RESPONDENTS.**

                                    **/**

## REPORT AND RECOMMENDATION

This case was transferred to this Court from the United States District Court in New Jersey.  Doc. 5.  Petitioner, proceeding *pro se*, submitted a petition for writ of habeas corpus pursuant to § 2241 in May, 2007.  Doc. 1.  Because Petitioner listed his address as being detained in the Wakulla County Jail in Crawfordville, Florida, *and* simultaneously provided a return address in El Paso, Texas, it was unclear where Petitioner was being detained.  Thus, an order was entered directing Petitioner to clarify where he was being held, and clarify whether or not he is simply contesting his indefinite detention or challenging the order of removal.

In response, Plaintiff has submitted an amended § 2241 petition, doc. 9, in which Petitioner continues to list his address in El Paso, Texas.  *Id.*  It appears that Plaintiff

had been in Crawfordville, Florida between March and April of 2007, but has been "in El

Paso Texas, where he currently remains detained" since mid-April, 2007. *Id.* Thus, at

the time this case was initiated in early May, and transferred here to Florida in late May,

Petitioner was already being detained in Texas.[1]

Generally, the proper defendant in a habeas case is the petitioner's "immediate

custodian," that is, the warden of the facility in which the petitioner is incarcerated or

detained at the time he files the habeas petition.[2]  Rumsfeld v. Padilla, 542 U.S. 426,

439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Braden v. 30th Judicial Circuit

Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  However,

Padilla does not alter the well-settled rule that if a district court properly acquires

jurisdiction when the case was filed, then the petitioner's subsequent removal to another

judicial district does not destroy the court's jurisdiction.  542 U.S. at 440, 124 S.Ct. at

2721, *relying on* Ex parte Endo, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944)

(holding that despite the Japanese-American citizen's removal from the district court's

territorial jurisdiction, a respondent who resided in the district could appropriately

execute the writ).  Indeed, the Supreme Court reiterated the simple and consistently

applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present

physical custody within the United States, he should name his warden as respondent

and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at

---

[1] Petitioner had filed a motion to transfer venue, doc. 7, which was previously denied. Doc. 8.  In retrospect, it appears Petitioner was trying to be returned to Wakulla County and have this case brought in this Court.

[2] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.

2724.  Thus, "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  Padilla, 542 U.S. at 440-41, 124 S.Ct. at 2721, *explaining* Endo, *supra*.  Jurisdiction attaches upon the initial filing of the § 2241 petition, and will not be destroyed by Petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian.  *See e.g.,* Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005), *quoting* in Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

When this § 2241 petition was filed in early May, 2007, and even later that month when it was transferred here, Petitioner was being detained in El Paso Texas.  *See* docs. 5, 9.  Petitioner continues to be held in the El Paso, Texas, ICE detention center.  Therefore, because Petitioner was not in this District when the § 2241 petition was filed, this Court does not have jurisdiction over Petitioner.  This case should be transferred to the appropriate District Court in Texas.

It is respectfully **RECOMMENDED** that this petition for writ of habeas corpus under 28 U.S.C. § 2241 be **TRANSFERRED** to the United States District Court for the Western District of Texas, El Paso Division, and the Clerk of Court be directed to administratively close this case.

**IN CHAMBERS** at Tallahassee, Florida, on August 1, 2007.

s/    **William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:07cv248-RH/WCS

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:07cv248-RH/WCS